UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY TRAMMELL,

     Plaintiff,                    CIVIL ACTION NO. 05-CV-60292-DT

  v.

                                    DISTRICT JUDGE JOHN CORBETT O'MEARA
                                    MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
  _____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and

that of Defendant GRANTED, as there was substantial  evidence on the record that

claimant retained the residual functional capacity for a limited range of sedentary work.

\*   \*   \*

     Plaintiff filed an application for Social Security disability insurance benefits on

October 31, 2002, alleging that she had been disabled and unable to work since February

19, 2002,  at age 45, due to carpal tunnel syndrome, joint pain and mental depression.

Benefits were denied, initially and upon reconsideration, by the Social Security

Administration (SSA).  A requested de novo hearing was held on November 16, 2004,

before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ subsequently found that

the claimant was not entitled to disability benefits because she retained the ability to

perform a restricted range of sedentary work. The Law Judge found that the claimant was

unable to climb ladders, use power tools, or work around dangerous machinery or at

unprotected heights.  She was also unable to reach overhead, and could not perform any forceful gripping, grasping, pinching, twisting or squeezing with either hand. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.   The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing (TR 232).  She had been graduated from high school, and had been employed by General Motors as an assembler, sorter and production worker during the relevant past (TR 68, 232, 249). Plaintiff's assembly job allowed her to alternate between sitting and standing during the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 25 pounds on a regular basis (TR 69-70). Claimant stopped working in February 2002, due to joint pain and severe wrist/hand weakness (TR 232-233).

Claimant testified that she was disabled as a result of joint pain and bilateral hand stiffness (TR 241). The claimant doubted that she could stand for longer than 20 minutes or walk long distances (TR 241-242). As a result of chronic joint pain, the claimant said that she had to lie down in her bed for several hours (TR 245).  Plaintiff claimed that she had to use both hands to lift an object weighing 10 pounds, and that she had trouble holding a pen or picking up a coin (TR 242-243). She avoided opening jars and bottles, but was able to drive her child to school and help with the grocery shopping (TR 238-240).

A Vocational Expert, Melody Henry, classified Plaintiff's past work as light, unskilled activity (TR 96). The witness testified that there would not be any jobs for claimant to

2

perform if her testimony were fully accepted[1] (TR 251). If she were capable of sedentary work, however, there were numerous clerical, sorting, packaging and inspection jobs that she could perform with minimal vocational adjustment (TR 250). These jobs did not require forceful grasping of objects, stair climbing, or repetitive use of the hands in the performance of assigned duties. They did not require the use of vibrating power tools. Furthermore, these simple, routine jobs did not involve any overhead reaching (TR 250).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of bilateral carpal tunnel syndrome, degenerative disc disease of the cervical spine, rheumatoid arthritis and a history of mental depression, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain and carpal tunnel syndrome prevented her from working at jobs requiring repetitive hand motions, forceful grasping of objects and lifting above shoulder level. He further determined that Plaintiff could perform only simple, routine work due to her moderate difficulty in concentrating and completing tasks in a timely manner. The Law Judge found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining

---

[1]The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 251).

whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental depression.

4

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, routine, sedentary work, with no overhead reaching and no repetitive hand movements.  Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling joint pain and hand numbness.

None of the examining physicians of record concluded that the claimant was totally disabled.  Plaintiff's treating physician, Dr. Thomas Beird, noted in February 2003, that the claimant could return to work with certain restrictions (TR 170). While the doctor's restrictions are not included in the record, Plaintiff stated that she was instructed by her doctor not to lift heavy objects and to refrain from performing repetitive tasks with her hands (TR 244).  Dr. L Rajoulh, claimant's family physician, noted during a physical examination

in November 2003, that the Plaintiff was not taking any pain medications (TR 175). Indeed, the claimant acknowledged that her joint pain had improved once she no longer had to be on her feet all day and perform the frequent lifting and grasping needed to do her repetitive work[2] at General Motors (TR 175). Following additional hand surgery in December 2003, the claimant told her doctor that pain medications and other treatments worked well and made her symptoms tolerable (TR 165). Given this evidence, the ALJ reasonably concluded that Plaintiff's treatment history undermined her allegations of severe and totally disabling pain symptoms.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant, who concluded that the claimant could perform a restricted range of sedentary work[3] (TR 145-152). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her joint pain and hand numbness were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to lie down frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not require forceful grasping, reaching above shoulder level, or repetitive use of the hands.

---

[2]As the Law Judge pointed out, the jobs identified by the vocational expert did not require this type of repetitive work (TR 257-259)

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

While Plaintiff was prescribed Zoloft, an anti-depressant, in August 2004, she testified that her depressed mood was primarily caused by her husband's cancer treatment (TR 246). Dr, Rajoulh reported at the time that the claimant was not overly anxious, depressed or irritable (TR 171). The Administrative Law Judge took into account Plaintiff's depressed mood and moderate inability to concentrate by limiting her to simple, routine work (TR 18).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled clerical, sorting, packaging and inspection jobs that she could  perform with

minimal vocational adjustment (TR 250). These jobs did not require forceful grasping of objects, stair climbing, or repetitive use of the hands in the performance of assigned duties. They did not require the use of vibratory or power tools.  Furthermore, these simple, routine jobs involved no overhead reaching[4] (TR 250).  Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th

---

[4]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described her hand weakness as well as her moderate difficulties in concentration, persistence and pace.  The VE testified that the clerical, inspection and packaging positions did not require forceful gripping. These jobs were also considered simple and routine (TR 250). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of</u>

<u>Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages

in length unless by motion and order such page limits are extended by the Court.  The

response shall address specifically, and in the same order raised, each issue contained

within the objections.

<div align="center" style="margin-left:40%">

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

</div>

DATED: August 11, 2006

---

## CERTIFICATE OF SERVICE

I hereby certify on August 11, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 11, 2006.  **None.**

<div style="margin-left:40%">

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217

</div>

<div align="center">9</div>